UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                          No. **CR 05-1197 MCA**

**NATHAN P. WEBSTER**,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's *Motion in Limine No. One* [Doc. 47], *Motion in Limine No. Two* [Doc. 48], and *Motion for Notice of Intention to Use Evidence of "Other Crimes, Wrongs or Bad Acts"* [Doc. 49], all of which were filed on November 14, 2005. The Court heard arguments from counsel regarding these motions at the Call of the Calendar on November 28, 2005. Having reviewed the parties' submissions, the relevant law, and being fully advised in the premises, the Court determines that the type of evidence in question is admissible if the conditions set forth below are satisfied. Therefore, Defendant's motions are denied.

### I.    BACKGROUND

In this case, the Grand Jury has charged Defendant Nathan P. Webster with one count of possession with intent to distribute methamphetamine on or about November 12, 2004, and one count of carrying a firearm during and in relation to a drug trafficking crime on that

date. [Doc. 31.] Specifically, these charges relate to the quantity of methamphetamine allegedly found on Defendant's person as a result of a strip search following his arrest on November 12, 2004, and a firearm allegedly found in the vehicle Defendant was driving when he was arrested on that date.

Defendant filed a *Motion to Suppress Evidence* [Doc. 24] on July 13, 2005, which was denied on September 1, 2005, following an evidentiary hearing and supplemental briefing. [Doc. 35, 37, 38, 39.] As stated in the *Memorandum Opinion and Order* [Doc. 39] denying Defendant's *Motion to Suppress Evidence*, the Government executed a search warrant at Defendant's residence on October 15, 2004. The Government also executed a second search warrant at Defendant's residence after his arrest on November 12, 2004. The execution of these two search warrants resulted in the seizure of incriminating evidence other than the firearm and methamphetamine which are the subject of the charges in the *Superseding Indictment*.

The focus of Defendant's motions in limine is to challenge the admissibility of this other incriminating evidence and to limit the evidence introduced at trial to only the firearm and methamphetamine which are the subject of the charges in the *Superseding Indicment*. Specifically, Defendant's *Motion in Limine No. One* [Doc. 47] lists the following items seized from the search of his residence on October 15, 2004, that he seeks to exclude from his trial: (1) approximately $70,000 in United States currency; (2) one large zip lock bag; (3) nineteen bags of alleged marijuana; (4) a zip lock bag with "residue"; (5) "packaging material"; (6) a North American Arms .22 magnum firearm; (7) a Barretta Model 92 9mm

firearm; (8) a Glock Model 26 9mm firearm; (9) a Colt AR-15 Model SP 1 firearm; (10) a pill box with assorted pills; (11) a silver colored "weigh scale with [alleged] crystal residue; (12) a black scale "with residue"; (13) another Colt AR 15 firearm; (14) another Barretta 9mm firearm; (15) a Browning firearm; (16) an Armolite M-15 firearm; (17) two Remington firearms; (18) a Ruger Firearm; (19) another Glock 2 .357 firearm; and (20) two other firearms. [Doc. 47, at 2-3, and Ex. A.] Defendant's *Motion in Limine No. Two* [Doc. 48] lists the following additional items seized from his person and his residence on November 12, 2004, that he seeks to exclude from his trial: (1) $3,800.00 in United States currency; (2) a Taurus 9mm firearm; (3) a Taurus ammunition magazine; (3) a slip of paper containing alleged "Regional Task Force Info" on it; (4) a scanner; (5) audio/video equipment mounted in the living room windows; (6) "packaging material"; and (7) a Toshiba large screen television. The grounds for Defendant's motions are that the evidence listed above concerns "other crimes, wrongs or acts" within the meaning of Fed. R. Evid. 404(b) and, as such, this evidence is inadmissible.

The Government disputes Defendant's characterization of such evidence as pertaining to "other crimes, wrongs or acts." According to the Government, Fed. R. Evid. 404(b) does not apply to the evidence seized from Defendant's person and residence on October 15, 2004, and on November 12, 2004, because the results of these seizures are not evidence of some other crime, wrong, or bad act. Rather, the evidence seized from Defendant's person and residence on these dates is part and parcel of the proof the Government must present in order to satisfy the essential elements of the crimes with which Defendant is charged in the

*Superseding Indictment*. In the alternative, the Government contends that if Fed. R. Evid. 404(b) does apply here, then the other incriminating evidence seized from Defendant's person and residence on the above dates is still admissible for the purpose of proving Defendant's motive, knowledge, intent, plan, and lack of mistake or accident. In this regard, the Government filed a *Notice of Intention to Use Evidence of Other Crimes or Bad Acts Pursuant to Rule 404(b)* on November 17, 2005. [Doc. 51.]

More specifically, the essential elements of the offenses with which Defendant is charged require proof that Defendant possessed methamphetamine with the intent to distribute it (rather than for personal use), as well as proof that he carried the firearm during and in relation to a drug trafficking crime. The Government contends that evidence of another quantity of methamphetamine found in Defendant's residence, as well as drug-trafficking paraphernalia (such as large amounts of cash, scales, packaging material, and surveillance equipment), is highly probative of whether Defendant had the intent to distribute methamphetamine on November 12, 2004. The Government further contends that the other firearms evidence found at Defendant's residence is highly probative of whether he knew of the firearm allegedly found in his vehicle and was carrying it during and in relation to a drug-trafficking crime on that date.

**II.   ANALYSIS**

Trial courts generally are vested with broad discretion regarding evidentiary rulings on motions in limine. See generally United States v. Wagoner County Real Estate, 278 F.3d 1091, 1099 (10th Cir. 2002). With respect to the admission of evidence under Fed. R. Evid.

404(b) concerning other crimes, wrongs, or acts of the accused in a criminal matter, however, certain limitations apply under both the express language of the rules and the Tenth Circuit's interpretation of those rules.

The Tenth Circuit has stated that: "Evidence of other crimes should not be suppressed when those facts come in as res gestae--'as part and parcel of the proof of the offense [ ] charged in the indictment.'" United States v. Kimball, 73 F.3d 269, 272 (10th Cir. 1995) (quoting United States v. Gano, 560 F.2d 990, 993- 93 (10th Cir.1977)).  It is not always possible, however, to establish a "bright line" that separates such *res gestae* evidence from evidence admissible for other purposes specified in Fed. R. Evid. 404(b). Kimball, 73 F.3d at 272 (citing United States v. Cook, 745 F.2d 1311, 1318 (10th Cir.1984)). Accordingly, the Court's Rule 404(b) analysis overlaps to a significant degree with the analysis that would otherwise be undertaken to determine whether *res gestae* evidence satisfies the requirements for relevancy under Fed. R. Evid. 401 through 403.

Under Fed. R. Evid. 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Such evidence may be admitted, however, to establish motive, intent, knowledge, preparation, plan, identity, and absence of mistake or accident.  See id.; United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000); United States v. Johnson, 42 F.3d 1312, 1315 (10th Cir. 1994).

To determine whether evidence is admissible for one of the purposes stated above, the Court applies the four-part test articulated by the Supreme Court in Huddleston v. United

5

States, 485 U.S. 681, 691-92 (1988). This test requires that:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

Zamora, 222 F.3d at 762 (quoting United States v. Roberts, 185 F.3d 1125, 1141 (10th Cir.1999)).

Fed. R. Evid. 404(b) also imposes a notice requirement upon the Government. In this case, I find that the Government provided Defendant with reasonable notice in advance of trial by filing its *Notice of Intention to Use Evidence of Other Crimes or Bad Acts Pursuant to Rule 404(b)* on November 17, 2005. [Doc. 51.] While the Government might be faulted for not filing this notice a few days earlier, I find there is good cause for not doing so in light of the recent change of counsel for the Government and the fact that the evidence in question was previously disclosed to, and anticipated by, defense counsel well before trial, as evidenced by the motions [Doc. 47, 48, 49] filed on November 14, 2005, and the *Motion to Suppress Evidence* [Doc. 24] filed on July 13, 2005.[1] Accordingly, *Defendant's Motion for Notice of Intention to Use Evidence of "Other Crimes, Wrongs or Bad Acts"* [Doc. 49] is denied as moot.

---

[1] In this regard, I also note that the anticipated Rule 404(b) or *res gestae* evidence is limited to what the agents of the Lea County Drug Task Force recovered from the searches of Defendant's person and residence on October 15, 2004, and November 12, 2004. It is not anticipated that the Government will call the confidential informant or other undisclosed witnesses to testify about drug transactions or other illegal activities referenced in the affidavit for the search warrant issued on October 15, 2004. Thus, it is unnecessary to address the disclosure of the confidential informant's identity or other discovery issues at this time.

6

Turning to the merits of the Rule 404(b) issue, the Government asserts that the evidence seized from Defendant's person and residence on October 15, 2004, and November 12, 2004, is relevant to show his motive, knowledge, intent, plan, and lack of mistake or accident with respect to the two crimes charged in the *Superseding Indictment*. For the most part, I agree that these are proper purposes for admitting much of the evidence in question, and that much of this evidence is relevant and probative with respect to the crimes charged in this case.[2]

Evidence that an additional quantity of methamphetamine, as well as several items of drug-trafficking paraphernalia (such as large bundles of cash, scales, packaging material, and surveillance equipment), were found on Defendant's person or residence on the dates noted above is relevant to show whether Defendant had the intent to distribute the quantity of methamphetamine found on his person when he was arrested on November 12, 2004, and whether his behavior on that date was part of a pattern or plan of drug trafficking. Evidence that several firearms were found in the same residence as the drug-trafficking paraphernalia on the same dates is also relevant to show a pattern or plan of carrying firearms in relation to drug-trafficking activities. In addition, the evidence concerning the firearms found in the residence, as well as the fact that the agents seized all of the firearms they found during their

---

[2] I find that Defendant's arguments as to whether the firearms found in the residence were registered to him or whether his fingerprints were found on those items goes to the weight of this evidence rather than its admissibility. To the extent that Defendant disputes his alleged association with any of the items found at the residence or their alleged purpose in relation to drug trafficking, he is free to bring this dispute to the jury's attention through his own testimony and/or through cross-examination of the Government's witnesses.

search on October 15, 2004, are relevant to show that Defendant had a motive to purchase and carry the firearm found in the vehicle he was driving on November 12, 2004, and that this firearm was in the vehicle with Defendant's knowledge in relation to the alleged drug trafficking rather than solely because of a mistake, accident, or other innocent reason (such as the need for Defendant's spouse to protect herself when she was using the vehicle). In other words, such evidence may allow the jury to draw reasonable inferences about why and for what purpose Defendant possessed the methamphetamine found on his person and the firearm found in the vehicle he was driving on November 12, 2004.

There are, however, certain limitations that must apply to the scope of this evidence in order to avoid shifting the focus of the jury's attention to other matters not legally relevant to the question of Defendant's guilt on the pending charges. In particular, it is not necessary for the Government to introduce every single piece of evidence that the agents ever seized from Defendant's person or his residence. Rather, the admissible evidence gleaned from these seizures consists of only those items which are specifically linked to proving one or more essential elements of the crimes charged in the *Superseding Indictment* (such as knowledge, intent, or the relationship between the firearm and the alleged drug trafficking). The Government's witnesses must lay the foundation necessary to establish such a link to one of these essential elements before the evidence in question may be introduced at trial.[3]

---

[3] In other words, the Government must supply competent and reliable testimony that explains how the item in question typically is employed in drug-trafficking operations, in addition to testimony that the item was retrieved from Defendant's person or residence on a particular date.

Further, some of the evidence that falls under the permissible purposes listed above still may be excluded if it becomes cumulative in light of other, previously admitted evidence. Thus, for example, it may not be necessary for the Government to introduce into evidence every single firearm that was recovered from Defendant's residence or every single item of drug paraphernalia or surveillance equipment that was found therein. Rather, the focus should be on those items that are most relevant to the charges at hand, which are limited to trafficking in methamphetamine and carrying a firearm in relation to this crime. The Government's witnesses should not dwell on Defendant's alleged possession of other controlled substances, nor should they dwell on whether any of the weapons or other items found in the residence would be considered illegal or dangerous apart from their relationship to the two counts listed in the *Superseding Indictment*.

Subject to these limitations, the Court determines that the probative value of the anticipated evidence resulting from the search of Defendant's residence and person on October 15, 2004, and November 12, 2004, is not substantially outweighed by the danger of unfair prejudice or other considerations listed in Fed. R. Evid. 403. In addition, the Court will offer to provide a limiting instruction on this issue, with input from counsel, in order to mitigate the potential for unfair prejudice or juror confusion occasioned by the admission of such evidence.

The Court's pretrial ruling on Defendant's motions in limine is subject to reconsideration if unforeseen circumstances or a change in context should arise during the trial. Moreover, this *Memorandum Opinion and Order* should not be interpreted as a

blanket ruling on the admissibility of each of the Government's exhibits.  As noted at the Call of the Calendar, the Court defers ruling on the admissibility of any particular exhibits for which objections are pending, and the parties may not show such exhibits to the jury without first seeking and obtaining a specific ruling from the Court that the exhibit in question has been admitted.  This includes exhibits to which no objection was made at the Call of the Calendar and any exhibits which are objected to solely on grounds of relevance.

### III.     CONCLUSION

For the foregoing reasons, the Court determines that the type of evidence referenced in Defendants' motions in limine is admissible if the conditions set forth above are satisfied. Defendant's pretrial motions seeking to exclude this evidence from his trial are therefore denied.

**IT IS THEREFORE ORDERED** that Defendant's *Motion in Limine No. One* [Doc. 47] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's *Motion in Limine No. Two* [Doc. 48] is **DENIED**.

**IT IS FURTHER ORDERED** that  *Defendant's Motion for Notice of Intention to Use Evidence of " Other Crimes, Wrongs or Bad Acts"* [Doc. 49] is **DENIED AS MOOT**.

**SO ORDERED** this 28th day of November, 2005, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
UNITED STATES DISTRICT JUDGE